**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YVETTE BAILEY,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>ALPHA TECHNOLOGIES INCORPORATED, a Washington corporation; ALTAIR ADVANCED INDUSTRIES INC, a Washington corporation; ABC, INC. 1-10, defendant corporation(s) whose name(s) is/are unknown; FREDERICK KAISER; JANE DOE KAISER, and the marital community comprised thereof; GRACE BORSARI; JOHN DOE BORSARI, and the marital community comprised thereof,<br><br>       Defendants-Appellees. | No.   17-36002<br><br>D.C. No. 2:16-cv-00727-JCC<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted May 16, 2019
Seattle, Washington

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS and W. FLETCHER, Circuit Judges, and SEEBORG,** District Judge.

Appellant, Yvette Bailey, sued defendants for wrongful termination under Washington law. The district court granted judgment as a matter of law in favor of defendants, and appellant appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

Bailey alleges that she was terminated from her job as a senior international buyer in retaliation for whistleblowing about tax fraud concerns. Defendants argued that plaintiff was terminated because of an incident that occurred on a business trip. At the conclusion of plaintiff's evidence at trial, the district court granted judgment as a matter of law on multiple grounds.

In *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1088 (Wash. 1984), Washington "recognize[d] a cause of action in tort for wrongful discharge if the discharge of the employee contravenes a clear mandate of public policy." *Id.* at 1089. Washington has allowed wrongful discharge claims "where employees are fired in retaliation for reporting employer misconduct, i.e., whistleblowing." *Gardner v. Loomis Armored Inc.*, 913 P.2d 377, 379 (Wash. 1996) (citing *Dicomes*

---

** The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

[1] Bailey also moved for certification to the Washington Supreme Court on two questions of Washington law (Dkt. 12). We deny her motion for certification.

2

*v. State*, 782 P.2d 1002, 1007 (Wash. 1989)).  To prevail on a wrongful termination claim, a plaintiff must prove that her protected activity was "a substantial factor motivating the employer to discharge the employee."  *Rickman v. Premera Blue Cross*, 358 P.3d 1153, 1160 (Wash. 2015).  On the undisputed facts of this case, where Bailey did exactly what she was instructed to do—to report to her superiors in order to help the company avoid violating tax law—her whistleblower claim fails.

**AFFIRMED.**